# No. 25-1563

_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

_____

**PAUL BRUYEA,**

                Plaintiff-Appellee,

**v.**

**UNITED STATES,**

                Defendant-Appellant

_____

### ON APPEAL FROM THE JUDGMENT OF THE
### UNITED STATES COURT OF FEDERAL CLAIMS,
### No. 23-766; JUDGE MATTHEW H. SOLOMSON

_____

### UNOPPOSED MOTION TO TREAT AS A COMPANION CASE

_____

**STUART E. HORWICH**
**Counsel for the Appellee**

**20 Old Bailey, 5th Floor**
**London  EC4M 7AN**
**United Kingdom**
**+44 20 8057 8013**

**March 22, 2025**

## STATEMENT OF POSITION

The Appellant has indicated through its counsel that Appellant does not oppose the granting of this motion.

## CERTIFICATE OF INTEREST

(1)    The full name of all parties represented by counsel is: Paul Bruyea.

(2)    Each person named in Section (1) is a real party in interest.

(3)    There are no affiliated entities associated with the person listed in section (1) above.

(4)    Max Reed, of Polaris of Polaris Tax Counsel (1788 West Broadway, Suite 900; Vancouver, British Columbia, Canada), is expected to appear as of counsel in this Court.

(5)    There are no related or prior cases, other than the case at bar, that meet the criteria under Federal Circuit Rule 47.5.

(6)    No further disclosure is required under Federal Rules of Appellate Procedure 26.1(c) or (d).

## MOTION TO TREAT AS A COMPANION CASE

COMES NOW, the Appellee, by and through his counsel of record, and hereby requests this Court to treat this appeal and the appeal in *Christensen v. United States*, No. 24-1284, as companion cases for purposes of oral argument and resolution by the same merits panel (after briefing is completed in this case). In support of this Motion, the Appellee states as follows:

1.　　Both the decision in *Christensen* and in the instant case involve the issue of whether a foreign tax credit is allowed to offset the net investment income tax (26 U.S.C. § 1411) under bilateral income tax treaties between the United States and foreign jurisdictions (specifically, France and Canada) – a "treaty-based foreign tax credit."

2.　　The United States maintains in *Christensen* and in the instant case that the relevant treaty in each case does not authorize a foreign tax credit against the net investment income tax.

3.　　*Christensen* and the instant case were decided by two different judges of the United States Court of Federal Claims. While both judges ruled that a treaty-based foreign tax credit is allowable, the *Bruyea* Court specifically disagreed with the logic of the *Christensen* Court. *See, Bruyea v. United States*, 174 Fed. Cl. 238, 252 fn. 19 (Dec. 4, 2024).

4.    Neither the *Christensen* case nor the *Bruyea* case has been set for oral argument, although the *Christensen* case has been fully briefed.

5.    Both *Christensen* and *Bruyea* were decided by motions for partial summary judgment on the strict legal question of whether a treaty-based foreign tax credit would be allowed under the relevant treaty. After the Court of Federal Claims ruled in favor of each taxpayer on the partial summary judgment motions, the parties agreed the amount of the tax refund due and, hence, stipulated judgment amounts, such that each case involves the sole legal issue of whether a foreign tax credit is allowed to offset the net investment income tax under the applicable bilateral treaty.

6.    Having the two cases treated as companion cases would provide the following benefits:

   a.    Judicial economy would be achieved by having a single merits panel determine whether substantially similar treaty language in two treaties provides for a treaty-based foreign tax credit.

   b.    The *Bruyea* decision specifically critiqued the *Christensen* holding. Any resolution of the *Christensen* appeal would likely involve reviewing the *Bruyea* opinion. Appellee believes the interests of judicial economy and achieving resolution of the matter in dispute for parties would be better served after briefs were filed in this Court in *Bruyea*.

For the reasons set forth above, the Appellee requests that this Court treat the *Christensen* and *Bruyea* cases as companion cases for purposes of oral argument and resolution by the same merits panel.

Respectfully submitted,

/s/ Stuart E. Horwich
Horwich Law LLP
20 Old Bailey, 5th Floor
London  EC4M 7AD
011 44 20 8057 8013
seh@horwichlaw.co.uk
Counsel for Appellee

March 22, 2025

## DECLARATION

Stuart E. Horwich, of London, England, states as follows:

I am counsel of record for the Appellee. The facts in support of, and the reasons for, the Appellee's Motion to Treat as a Companion Case are true and correct to the best of my knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. Sec. 1746, that the foregoing is true and correct. Executed this 22nd day of March, 2025, in London, England.

                                              Respectfully submitted,

                                              <u>/s/ Stuart E. Horwich</u>
                                              Stuart E. Horwich
                                              Attorney for Appellee